UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ROBERT DONALD SMITH**                                                                  **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:06-CV-P72-R**

**DEPARTMENT OF CORRECTIONS**                                                **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, Robert Donald Smith, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff sues the Department of Corrections of the Commonwealth of Kentucky. He alleges that "KSP and KSR" have charged him for medical bills, which under federal and state law he, as a state inmate, is not supposed to pay. He also alleges that he is charged a $2.00 co-pay when he sees a doctor or a nurse and is charged for ambulance and doctors' bills. He states that he has no money to pay the bills. He asks for monetary and punitive damages of $150,000 each; injunctive relief in the form of paying all inmates back their medical bill payments; and damages for pain and suffering because his state pay has been taken.

### II. ANALYSIS

The plaintiff only names as defendant the Department of Corrections of the Commonwealth of Kentucky. The Court lacks subject matter jurisdiction over the plaintiff's claims against the Department of Corrections, a state agency, by operation of the Eleventh Amendment to the U.S. Constitution. That amendment specifically prohibits federal courts from

entertaining suits brought directly against the states or its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton,* 293 F.3d at 948. None of these exceptions exist in this case.

Because the plaintiff's claims are against the Commonwealth of Kentucky and, therefore, are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P.

12(b)(1) and 12(h)(3).

      The Court will enter an order consistent with this memorandum opinion.

Date:

cc:      Plaintiff, *pro se*
          Attorney General, Commonwealth of Kentucky

4413.009